UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



___

JOHN P. PATTERSON,

        Plaintiff,

    v.

JOEL M. PATTERSON, Sergeant, Five Points Correctional Facility, SHARI L. KAMPNICH, Correctional Officer, Five Points Correctional, WILLIAM S. PALMER, Correctional Officer, Five Points Correctional Facility, MATTHEW R. PIOTROWSKI, Correctional Officer, Five Points Correctional Facility, and JOANNE L. SPRINGER, Facility Nurse, Five Points Correctional Facility,

        Defendants.

**ORDER**

1:16-CV-00844 EAW

___

Plaintiff John P. Patterson ("Plaintiff"), proceeding *pro se*, brings the instant action pursuant to 42 U.S.C. § 1983. (Dkt. 12). Plaintiff claims that defendant William S. Palmer ("Palmer"), along with various other defendants (collectively "Defendants"), violated his constitutional rights. (*Id.*). On September 12, 2018, Defendants filed a suggestion of death of Palmer to inform the Court that Palmer passed away on September 9, 2018. (Dkt. 25 at 1). The suggestion of death was mailed to Plaintiff on September 12, 2018. (*Id.* at 3).

Federal Rule of Civil Procedure 25 provides:

> "If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party.... If the motion is not made within 90 days after service of a

statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). It has been more than 90 days since Defendants served the suggestion of death on Plaintiff. However, the Court will afford Plaintiff extra consideration because he is proceeding *pro se*. *See, e.g.*, *Labounty v. Coughlin*, No. 93 Civ. 3443(BSJ), 2003 WL 21692766, at *5 (S.D.N.Y. July 21, 2003) (addressing Rule 25 in the context of a *pro se* Plaintiff); *McCorkle v. Juchenwicz*, No. 94 CIV. 6363(TPG), 1999 WL 163205, at *2 (S.D.N.Y. Mar. 23, 1999) (same).

As this Order is the first notice to Plaintiff of the procedural consequences of Palmer's death, the Court interprets Rule 25 "so that in this case, the 90-day period runs from the date of the present opinion." *McCorkle*, 1999 WL 163205, at *2. Plaintiff is hereby instructed that no later than **90 days from the date of this Order**, he must submit a motion to substitute the proper party for Palmer. **A failure to file a motion to substitute may result in the dismissal of Plaintiff's claims against Palmer**. If Plaintiff has any questions, he may direct them to the *Pro Se* Office.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: March 20, 2019
      Rochester, New York